IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Caren C., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 3:21-cv-50323 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| *Defendant.* ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Caren C. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her applications for a period of disability, disability insurance, and disabled widow's benefits.[1] For the reasons set forth below, the Commissioner's decision is reversed and the case is remanded.

**I. Background**

Plaintiff worked as a school bus driver from 2000 to 2018. R 239. The record shows that Plaintiff had her gallbladder removed in 1992 and underwent gastric bypass surgery in 2005. R. 898. In November 2017, Plaintiff began to suffer from severe diarrhea and was diagnosed with a campylobacter infection. R. 594, 834–35. Even after the infection was treated, Plaintiff continued to experience frequent "flare-ups" of diarrhea requiring her to miss more and more work. R. 613, 644, 655, 670, 680, 690, 735, 757. Plaintiff was prescribed Imodium and Bentyl and underwent a colonoscopy, during which a polyp was removed. R. 691, 739, 777. Despite these interventions, Plaintiff was ultimately terminated from her job on May 7, 2018, for missing too much work due to her medical condition. R. 41, 757, 788.

On August 29, 2019, Plaintiff saw a gastroenterologist on a referral from her primary care physician Dr. Jeffrey Gurtizen. R. 898. The gastroenterologist said that Plaintiff's diarrhea was likely "bile salt associated" as a result of the removal of her gallbladder and a component of "post infectious IBS." R. 901–02. The gastroenterologist prescribed Colestid, a bile acid binding agent. R. 901. On September 23, 2019, a sigmoidoscopy revealed a polyp, which was removed, but no other conditions. R. 902.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 5.

On September 26, 2019, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging the disabilities of depression, fibromyalgia, and Baastrup[2] with an onset date of May 7, 2018. R. 69. After the death of Plaintiff's husband on December 1, 2019, Plaintiff filed an application for disabled widow's benefits on February 25, 2020, alleging the same disabilities and onset date. R. 16.

A remote hearing on both applications was held before an Administrative Law Judge (ALJ) on January 4, 2021. R. 35. Plaintiff testified that her diarrhea "comes and goes usually every two weeks or so." R. 44. Plaintiff further testified that when an episode of diarrhea hits, "all of a sudden, [she has] to run for the bathroom" and might be "in the bathroom, eight, ten times a day." R. 43–44. Plaintiff explained that Colestid "didn't work" and "was highly expensive," that Imodium "doesn't always work," and that "the gastro doctor just said this is something that I would be living with." R. 43–47.

The ALJ asked the independent vocational expert (VE) about Plaintiff's need for additional breaks due to her chronic diarrhea, assuming Plaintiff would need "ready access to a bathroom." R. 63–64. The VE testified that as few as two additional breaks beyond the usual three breaks per day would be tolerated only "once in a while." R. 64. If the need for additional breaks was "chronic," the VE testified that it would not be tolerated. R. 64. Neither the ALJ nor the VE addressed the duration of these additional breaks or whether they would be scheduled or unscheduled.

The ALJ issued a written decision on February 3, 2021, finding that Plaintiff was not disabled under the applicable sections of the Social Security Act and thus not entitled to benefits. R. 30. At step two, the ALJ found that Plaintiff's degenerative disc disease of the cervical and lumbar spine was a severe impairment but that her chronic diarrhea was not. R. 19–20. The ALJ considered Plaintiff's chronic diarrhea again when formulating Plaintiff's residual functional capacity (RFC). The ALJ found that Plaintiff had the RFC "to perform light work" with some limitations, including the requirement that Plaintiff "must have ready access to a bathroom," which would account for Plaintiff's "bathroom issues." R. 22–23, 28. At step five, the ALJ found that sufficient jobs exist in the national economy that could accommodate Plaintiff's RFC, such as cashier, hotel housekeeper, and sales attendant. R. 29. The ALJ found that "these types of jobs typically have a bathroom in [the] same building," and thus could accommodate the requirement that Plaintiff have ready access to a bathroom. R. 29.

After the Appeals Council denied Plaintiff's request for review on June 29, 2021, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

---

[2] Baastrup's syndrome is a spinal disorder also known as kissing spine. 1 *ICD-9-CM Table of Diseases and Injuries* § 721.5 (6th ed. 2014).

2

support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and [her] conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff raises two issues on review. First, Plaintiff argues that the ALJ improperly "played doctor" when considering the medical evidence by discounting Dr. Gurtizen's opinion, determining that some care was routine and conservative, and failing to account for Plaintiff's testimony regarding her lack of health insurance. Pl.'s Mot. at 1, Dkt. 10. Second, Plaintiff argues that the ALJ's RFC determination "that Plaintiff have 'ready access to a bathroom' fails to properly consider [Plaintiff's] need to be off task to take these bathroom breaks." *Id.* Because the Court agrees with Plaintiff that reversal is warranted on the second issue, the first issue will not be addressed.

"As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). Plaintiff argues that the ALJ's RFC fails to consider time off task, citing Plaintiff's testimony that "she cannot predict when she will have these bowel problems or how long they will last" and that "on bad days she can use the bathroom up to eight times in a day." Pl.'s Mot. at 12–13, Dkt. 10. The Commissioner responds that Plaintiff's argument is insufficient because Plaintiff does not "make clear what is missing from the RFC for remand to be necessary." Def.'s Resp. at 13, Dkt. 13. However, Plaintiff clearly identifies the purported problem with the RFC: the ALJ's RFC that Plaintiff have "'ready access to a bathroom' fails to properly consider Plaintiff's need to be off task to take these bathroom breaks." Pl.'s Mot. at 1, Dkt. 10. This omission is critical, she argues, because the VE testified that needing to use the bathroom more often than the regularly allowed three breaks per day would likely not be tolerated. *See id.* at 11–13.

Next, the Commissioner argues that the ALJ properly found Plaintiff's "bowel problems were not severe." Def.'s Resp. at 13, Dkt. 13. That may be so,[3] but an RFC must accommodate *all*

---

[3] In determining that Plaintiff's bowel problems were not a severe impairment, the ALJ noted that "[Plaintiff] often denies abdominal pain or changes in bowel habits, and denied such symptoms as recently as of [sic] September 2020 and November 2020," citing five examples from Plaintiff's medical chart. R. 19–20. Upon closer inspection, the only instance when Plaintiff is purported to have expressly denied having *diarrhea* was at an appointment after her colonoscopy where she actually reported *having diarrhea*. R. 739–40. Three instances where Plaintiff denied abdominal pain or changes in bowel habits were at psychiatric, neurological, and gynecological appointments. R. 356, 408, 881. The ALJ does not explain why "no change in bowel habits" necessarily means no bowel problems, especially given Plaintiff's longstanding problems with diarrhea. The fifth instance occurred at an appointment with Dr. Gurtizen in November 2020, although

3

impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(1); *Yurt*, 758 F.3d at 857. The Commissioner suggests that Plaintiff's need for frequent, unscheduled breaks is not supported by the medical record, only by Plaintiff's testimony and two notes from Dr. Gurtizen that the ALJ disregarded. Def.'s Resp. at 13, Dkt. 13 (citing 20 C.F.R. § 404.1529(a)). On the contrary, the medical record is replete with evidence not only that Plaintiff complained of frequent, unpredictable bowel problems but that she was also prescribed several medications to attempt to deal with the problem and underwent numerous procedures aimed at rectifying the problem:

> In December 2017, Plaintiff reported having between three and six episodes per day, requiring her to miss several days of work. R. 613, 627, 644. Plaintiff began taking a probiotic daily. R. 627.
>
> In February 2018, Plaintiff reported having flare-ups on and off since October 2017, having to take off one to three days of work. R. 655, 670.
>
> Throughout March 2018, Plaintiff had additional flare-ups. R. 680, 691, 704, 715. Plaintiff saw a gastroenterologist on March 27, 2018, and scheduled a colonoscopy. R. 715.
>
> In April 2018, Plaintiff missed a week of work and expressed anxiety about losing her job. R. 735, 757. Plaintiff had the colonoscopy and was prescribed Bentyl. R. 739, 767, 777.
>
> In May 2018, Plaintiff was terminated from her job. R. 788.
>
> In August 2019, Plaintiff was referred to a gastroenterologist by Dr. Gurtizen. R. 898, 901. The gastroenterologist prescribed Colestid and scheduled a sigmoidoscopy.
>
> In September 2019, Plaintiff underwent the sigmoidoscopy and had a polyp removed. R. 904–05.
>
> In December 2019, the consultative examiner noted that Plaintiff reported one to eight bowel movements every day, suspecting IBS. R. 383–85.

Moreover, the ALJ must have accepted *some* of this evidence when considering Plaintiff's subjective "reports of bathroom issues" or there would have been no need to "account[] for it with ready access to a bathroom." R. 28. The problem is that ready access to a bathroom does not account for the need to take frequent unscheduled breaks to use the bathroom. As another court in this Circuit explained in a nearly identical situation:

---

Plaintiff testified at the hearing that they discussed her diarrhea at that appointment. R. 46–47. Choosing these five statements from an extensive medical record in which Plaintiff repeatedly seeks treatment for chronic diarrhea is the kind of cherry-picking that the Seventh Circuit has repeatedly forbidden. *Yurt*, 758 F.3d at 859.

> Ready access to a bathroom refers to "proximity to a bathroom," *Brueggen v. Barnhart*, No. 06-C-0154-C, 2006 WL 5999614, at *1, 6 (W.D. Wis. Dec. 15, 2006), whereas a need to take a break to go to the bathroom means that an individual will "be away from her work station," *id.* at *6. *See Van Meter v. Astrue*, No. 09 C 3013, 2010 WL 5232931, at *5 (N.D. Ill. Dec. 16, 2010) ("The ALJ asked the VE to consider an individual who also needs ready access to a bathroom, such that he would 'probably have to be indoors.'"); *Rajski v. Colvin*, No. 3:14-CV-1477-TLS, 2015 WL 5730102, at *4 (N.D. Ind. Sept. 30, 2015) ("defin[ing] ready access to bathrooms as being able to reach the bathroom within three minutes"). Given the distinction, providing an accommodation of "ready access to a restroom" does not accommodate an individual who must frequently stop working—take one or more unscheduled breaks—in order to use the restroom.

*Mueller v. Saul*, No. 19-CV-1091, 2020 WL 4048511, at *4 (E.D. Wis. July 20, 2020).

The Court cannot reconcile the ALJ's finding here that Plaintiff needed ready access to the bathroom but did not need to take regular unscheduled breaks in order to use the bathroom. On remand, the ALJ should make a finding regarding Plaintiff's purported need for frequent, unscheduled breaks of unknown duration and either address the limitation in the RFC finding or provide a good reason supported by substantial evidence for omitting the limitation.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this opinion. This Court declines to order a finding of disability based on the current record; it is more appropriate to remand to the ALJ to properly evaluate the evidence as outlined above and issue a new decision.

Date: August 25, 2022  By: *Lisa A. Jensen*
Lisa A. Jensen
United States Magistrate Judge